# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:03CV342-3-MU

| | | |
|---|---|---|
| **NEIL TAFARRIO WILLOUGHBY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **JENNIFER H. LANGLEY. Supt.,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

       **THIS MATTER** is before the Court upon Petitioner Neil Tafarrio Willoughby's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary Judgment (Document No. 6), Petitioner's Response to Respondent's Motion for Summary Judgement (Document No. 8) and Petitioner's Addendum to his Motion for Writ of Habeas Corpus (Document No. 9.)

## I. Factual and Procedural Background

       A review of the record reveals that on January 29, 2001, Petitioner was convicted after trial by jury of first degree kidnaping, robbery with a dangerous weapon, breaking and entering, larceny and possession of stolen goods. Petitioner was sentenced to 116-149, 103-133 and 10-12 months imprisonment in cases 00 CRS 1662-63 and 5008. Petitioner appealed to the North Carolina Court of Appeals and on June 18, 2002 the North Carolina Court of Appeals issued an unpublished opinion finding no error. In its opinion, the North Carolina Court of Appeals stated that the issues raised in the assignments of error but not briefed were abandoned pursuant to North Carolina Rule of Appellate

1

Procedure 28(b)(5)(2001).  On October 25, 2002 Petitioner filed a <u>pro</u> <u>se</u> certiorari petition in the Supreme Court of North Carolina and Motion to Amend on January 3, 2003 and April 25, 2003.  The amendments were allowed but certiorari was denied on May 1, 2003.  Petitioner filed the instant Petition on July 2, 2003 claiming that; (a) he was denied effective assistance of counsel and due process; (b) he was denied his equal protection, liberty interests, due process, Fifth, Sixth and Fourteenth Amendment Rights; (c) he was denied effective assistance of counsel and due process; and (d) he was denied equal protection and due process rights under the Fifth and Fourteenth Amendments and received ineffective assistance of counsel.  On January 7, 2005 Petitioner filed Motion for Appropriate Relief ("MAR") claiming that the trial judge improperly allowed into evidence, evidence of unrelated crimes pursuant to N.C.G.S. 8c-1, Rule 404(b).  On January 14, 2005 the MAR court denied Petitioner's MAR petition because Petitioner raised a claim that was untimely and because Petitioner raised a claim which he was in an adequate position to have raised in his direct appeal but failed to do so as required by 15A-1419(a)(3).

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to <u>habeas</u> cases is "quite deferential to the rulings of the state court."  <u>Burch v. Corcoran</u>, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the <u>Burch</u> Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Petitioner Has Failed to Establish Ineffective Assistance of Counsel**

Petitioner contends that he was denied the effective assistance of counsel and due process. In support of this claim Petitioner asserts;

> [f]acts are present that the trial court erred with an insufficient transactional connection by allowing inadmissible hearsay and testimony from three alleged victims of similar crimes in a neighboring county. Facts are also presented in regards to 3 alleged witnesses who were victims of similar crimes in Mecklenburg County and were allowed to testify in the Union County trial. A simultaneous trial was conducted in Mecklenburg involving these 3 alleged witnesses on 07 April 2003, and ended on 11 April 2003, The Honorable Gentry Caudill Presiding. This trial by Jury ended as a result of a mistrial supporting petitioner's contention that had these 3 alleged victims from Mecklenburg County not been allowed to testify in the Union County trial proceedings, a different result would have occurred and been obtained.

Petitioner did not raise a claim of ineffective assistance of counsel on direct appeal or in his certiorari petition. It is therefore a non-exhausted claim. However, this Court has the authority to consider Petitioner's non-exhausted claims on the merits, even where, as here, Respondent does not waive non-exhaustion. See § 2254(b)(2).

As the above facts demonstrate, Petitioner did not assign any error to actions his attorney did or did not take. According to his Petition, it is the trial court that erred by allowing inadmissible hearsay and testimony from three alleged victims of similar crimes. With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).

4

Rather, the Court "can only grant relief under ... <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id</u>., <u>quoting</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner has not established that his counsel was ineffective. His allegations are unsupported and conclusory. Therefore, Petitioner's claim of ineffective assistance of counsel is denied.

**B. Petitioner's Due Process Claim is Procedurally Barred**

Petitioner claims that his due process rights were denied in connection with his claim that the trial court erred in allowing inadmissible hearsay evidence and testimony from three alleged victims of similar crimes in a neighboring county.

Petitioner's due process claim is procedurally barred because he did not raise this specific claim on direct appeal. Petitioner did initially assign his current due process claim as error number 5 in the Assignment of Errors contained in his Record on Appeal to the Court of Appeals, however Petitioner failed to bring this assignment of error forward into his brief thus abandoning the claim as the Court of Appeals so found. See N.C.R. of App. P., Rule 28(1) (2003). North Carolina Rule of Appellate Procedure 28 (a) states that "questions raised by assignment of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." N.C.R. of App. P., Rule 28(a)(2001). This is a long standing, regularly and consistently applied procedural default rule under North Carolina law. <u>See</u> <u>e.g.</u>, <u>State v. Cox</u>, 289 N.C. 414, 418 (1976) (where co-defendant failed to bring forward and discuss assignment of error in brief, co-defendant's abandoned assignment of error); <u>Wachovia Bank & Trust Co. V. Southeast Airmotive, Inc.</u>, 91 N.C. App. 417, 419 (1988) (Where plaintiff failed to discuss in its brief the trial court's denial of its motion for a new trial, the question raised by plaintiff's assignment of error on that issue was deemed abandoned.), <u>cert</u>.

denied, 323 N.C. 706 (1989); State v. Rhyne, 124 N.C. App. 84, 89 (1996) (Although defendant assigned error to the sufficiency of the evidence to support the court's findings, it was determined that he abandoned this issue on appeal by not presenting argument in his brief.).

While Petitioner stated this claim in his assignment of error, the claim was not brought forward into his brief and was not argued. Consequently, the Court of Appeals determined that this claim was abandoned pursuant to N.C.R. of Appellate Procedure 28(a). Therefore, Petitioner's claim that the court erred by allowing inadmissible hearsay and testimony from three alleged witnesses which were victims of similar crimes is therefore procedurally barred from federal habeas review. See Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to follow regularly and consistently applied state procedural rules for raising issue on appeal, precludes federal habeas review); Coleman v. Thompson, 501 U.S. 722 (1991) (filing state habeas appeal three days late under state procedural rule, precluded federal habeas review).

Furthermore, Petitioner was obviously in an adequate position to have raised his present specific due process claim on direct appeal. In fact, when Petitioner raised this claim in his MAR, the MAR court denied the claim both because it was untimely and because Petitioner was in an adequate position to have raised it on direct review and did not. Therefore, the issue was procedurally barred under North Carolina's mandatory post-conviction procedural bar statute. N.C.G.S. §15A-1419(a)(3) and (b) (2001) (claim shall be denied when defendant was in adequate position to have raised it on direct appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice). See also, Rose v. Lee, 252 D.3d 676 (4th Cir.) (North Carolina's post-conviction procedural bar statute of §15A-1419 is now mandatory), cert. denied, 122 S.Ct 318 (2001). Petitioner's due process claim is therefore procedurally barred. See Breard v. Pruett, 134 F.3d 615

(4th Cir.) (Procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred,), cert. denied, 523 U.S. 371 (1998). Furthermore, the procedural default rule of § 15A-1419(a)(3) and (b) is an adequate and independent state ground precluding federal habeas review. See Willaims v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150 (1999).

Finally, the fact that Petitioner raised the substance of this claim in his certiorari petition to the Supreme Court of North Carolina does not satisfy the exhaustion requirement or avoid the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989) (presentation of a claim for the first time in a petition for discretionary review to a state appellate court is insufficient to exhaust state remedies).

**C. Petitioner's Equal Protection, Liberty Interest and Fifth, Sixth and Fourteenth Amendment Claim is Procedurally Barred**

Petitioner claims that he was denied his rights under equal protection, liberty interest, due process , Fifth, Sixth and Fourteen Amendments when the trial court erred by overruling Petitioner's objections and denying Petitioner's motion for a mistrial regarding four still photographs admitted into evidence.

Petitioner initially assigned the substance of his current claim as error number 4 in the Assignment of Errors contained in his Record on Appeal to the Court of Appeals. However, he then failed to bring this assignment of error forward into his brief and the Court of Appeals found that Petitioner abandoned this claim. See N.C.R. of App. P., Rule 28(a)(2003). Therefore, Petitioner's

claim that the court erred by overruling his objections and denying his motion for a mistrial regarding the admission of four still photographs into evidence is abandoned under state law and therefore procedurally barred from federal habeas review.  See Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to follow regularly and consistently applied state procedural rules for raising issue on appeal, precludes federal habeas review); Coleman v. Thompson, 501 U.S. 722 (1991) (filing state habeas appeal three days late under state procedural rule, precluded federal habeas review).

Furthermore, since Petitioner was obviously in an adequate position to have raised his present claim on direct appeal, if he were to raise it in a post-conviction motion for appropriate relief at this time, it would be found procedurally barred under North Carolina's mandatory post-conviction procedural bar statute.  N.C.G.S. §15A-1419(a)(3) and (b) (2001) (claim shall be denied when defendant was in adequate position to have raised it on direct appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice).  See also, Rose v. Lee, 252 D.3d 676 (4th Cir.) (North Carolina's post-conviction procedural bar statute of §15A-1419 is now mandatory), cert. denied, 122 S.Ct 318 (2001). Petitioner's claim is therefore procedurally barred.  See Breard v. Pruett, 134 F.3d 615 (4th Cir.) (Procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred,), cert. denied, 523 U.S. 371 (1998).  Furthermore, the procedural default rule of § 15A-1419(a)(3) and (b) is an adequate and independent state ground precluding federal habeas review.  See Willaims v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150 (1999).

Finally, the fact that Petitioner raised the substance of this claim in his certiorari petition to

the Supreme Court of North Carolina does not satisfy the exhaustion requirement or avoid the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989) (presentation of a claim for the first time in a petition for discretionary review to a state appellate court is insufficient to exhaust state remedies).

## D. Ineffective Assistance of Counsel

In support of second claim of ineffective assistance of counsel and due process violation Petitioner asserts;

> [f]acts are presented that the Union County trial court erred by allowing the jury to assess the credibility of 3 alleged victims of similar crimes in Mecklenburg County in a manner which violated the rights of Petitioner to have a fair and impartial trial and jury secured by the Sixth Amendment to the United States Constitution. Petitioner also contends that the additional consequence of the trial court denying petitioner's motion to strike Juror Number Nine (Pamela Magliocca) for cause based on a personal relationship with the person which was alleged to be the victim in this case violated due process, equal protection, secured by the Fifth ad Fourteenth Amendments to the United States Constitution and also denied petition effective assistance of counsel.

Petitioner did not raise a claim of ineffective assistance of counsel on direct appeal or in his certiorari petition. It is therefore a non-exhausted claim. However, this Court has the authority to consider Petitioner's non-exhausted claims on the merits, even where, as here, Respondent does not waive non-exhaustion. See § 2254(b)(2).

As the above facts demonstrate, Petitioner did not assign any error to actions his attorney did or did not take. According to his Petition, it is the trial court that erred by allowing the jury to assess the credibility of three victims of similar crimes and allowing juror number nine to remain on the jury despite her relationship with one of the alleged victims. In fact, Petitioner states that his counsel made a motion to strike juror number nine and the trial court denied that motion.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner has not established that his counsel was ineffective. His allegations are unsupported and conclusory. Therefore, Petitioner's claim of ineffective assistance of counsel is denied.

**E. Petitioner's Due Process Claim is Procedurally Barred**

Petitioner claims that his due process rights were denied in connection with his claim that the

trial court erred in allowing the jury to assess the credibility of three alleged victims of similar crimes.[1]    Petitioner's due process claim is procedurally barred because he did not raise this specific claim on direct appeal. Since Petitioner was obviously in an adequate position to have raised his present specific due process claim on direct appeal, therefore if he were to attempt to raise it in a post-conviction motion.[2] The procedural default rule of § 15A-1419(a)(3) and (b) is an adequate and independent state ground precluding federal habeas review. See Willaims v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150 (1999).

Further, the fact that Petitioner raised the substance of this claim in his certiorari petition to the Supreme Court of North Carolina does not satisfy the exhaustion requirement or avoid the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989) (presentation of a claim for the first time in a petition for discretionary review to a state appellate court is insufficient to exhaust state remedies).

### F. The Trial Court's Refusal to Strike Juror Nine is Presumed Correct

Petitioner contends that the trial court erred by refusing to strike Juror number nine. Juror nine was the hair dresser for one of the state's witnesses and victim of a similar crime. Juror nine stated that despite this relationship she could be fair and impartial to Petitioner. Based on Juror nine's representations, the trial judge denied Petitioner's motion to strike.

---

[1] This is essentially the same claim as raised in section B above.

[2] In fact, if this claim is the same claim as raised in section B above, petitioner did raise it in his MAR and the MAR court denied his MAR petition both because it was not timely and because Petitioner was in an adequate position to have raised this issue on direct review and did not do so as is required by N.C.G.S. 15A01419(a)(3).

The trial judge's implicit finding of impartiality is a finding of fact presumed correct on federal habeas review. See 2254(e)(1). See also, <u>Patton v. Yount</u>, 467 U.S. 1025 (1984) (whether individual juror is impartial is a question of fact and trial court's findings are presumed correct on federal habeas review). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Petitioner has not rebutted the presumption of correctness of the trial judge's implicit finding that juror number nine could be impartial despite her professional relationship with a witness.

**G. Petitioner's Fifth and Fourteenth Amendment Claim is Procedurally Barred**

Petitioner claims that he was denied his equal protection and due process rights under the Fifth and Fourteenth Amendments and received ineffective assistance of counsel[3]. To support this contention, Petitioner asserts;

> [f]acts are presented that the trial court committed prejudicial error by denying Petitioner's motion to exclude evidence of identifications (both those made at trial and those made out of court by 3 alleged victims from Mecklenburg County) who were shown a photo array consisting of a photo of the petitioner and five other men. Petitioner contends that when the inadvertence of the Union County trial court is put into subjection, it becomes a pertinent and imperative issue when in light of this particular photo array in question, the Union County detectives took a photo array with a picture of Petitioner and five other males to each of the alleged victims on the exact day of Petitioner's arrest and within 45 minutes of extensive television media coverage of the events unfolding by all 4 major television stations

---

[3] Petitioner's ineffective assistance of counsel claim in not exhausted. However, the Court has the power to deny Petitioner's non-exhausted claims on the merits, even where, as here, Respondent does not waive non-exhaustion. Petitioner does not allege any facts which support his contention that his counsel was ineffective. In fact, Petitioner is complaining that the trial court denied his motion to exclude evidence. In order to establish claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 687-91 (1984). Petitioner has not even stated facts which support a finding of deficient performance by his counsel and therefore clearly has not established prejudice. Therefore, Petitioner claim of ineffective assistance of counsel is denied.

illuminating the arrest of the Petitioner as the perpetrator of these particular crimes, creates an imperative request by the petition to seek review of these issues which has violated Petitioner's rights to equal protection secured by the Fourteenth Amendment and also violates due process secured by the Fifth Amendment to the United States Constitution.

The equal protection and due process aspects of Petitioner's claim are procedurally barred because Petitioner did not raise these specific claims on direct appeal. Since Petitioner was obviously in an adequate position to have raised his present specific due process and equal protection claim on direct appeal, if he were to attempt to raise it in a post-conviction motion for appropriate relief at this time, it would be found procedurally barred under North Carolina's mandatory post-conviction procedural bar statute. N.C.G.S. §15A-1419(a)(3) and (b) (2001) (claim shall be denied when defendant was in adequate position to have raised it on direct appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice). See also, Rose v. Lee, 252 D.3d 676 (4th Cir.) (North Carolina's post-conviction procedural bar statute of §15A-1419 is now mandatory), cert. denied, 122 S.Ct 318 (2001). Petitioner's due process claim is therefore procedurally barred. See Breard v. Pruett, 134 F.3d 615 (4th Cir.) (Procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred,), cert. denied, 523 U.S. 371 (1998). Furthermore, the procedural default rule of § 15A-1419(a)(3) and (b) is an adequate and independent state ground precluding federal habeas review. See Willaims v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150 (1999).

Furthermore, the fact that Petitioner raised the substance of this claim in his certiorari petition to the Supreme Court of North Carolina does not satisfy the exhaustion requirement or avoid the

procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989) (presentation of a claim for the first time in a petition for discretionary review to a state appellate court is insufficient to exhaust state remedies).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is Denied and Dismissed and the State's Motion for Summary Judgment is Granted.

**SO ORDERED**.

Signed: March 21, 2006

Graham C. Mullen
United States District Judge